UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH BENNETT, *et al.*, | Case No. C24-2065RSM |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| KING COUNTY, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss, Dkt. #20. Plaintiffs have filed an opposition brief and a proposed amended complaint. *See* Dkt. #25. The Court has determined that it can rule without the need of oral argument. For the reasons below, the Court GRANTS this Motion.

## II.   BACKGROUND[1]

Plaintiffs are former employees of King County who worked for the County's Department of Public Safety and provided law enforcement services within King County, Washington.

---

[1] The Court will accept all facts stated in the Complaint, Dkt. #1, as true for purposes of this Motion. The following facts come from that pleading unless otherwise noted. The Court will focus on only those facts relevant to Defendants' Motion.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

Defendant Mitzi Johanknecht was publicly elected as the King County Sheriff in November of 2017 and served as Sheriff until her term expired on December 31, 2021.

On August 9, 2021, King County issued ACO-8-27-EO, which mandated all County Executive Branch employees be "fully vaccinated" against COVID-19 by October 18, 2021, or get an exemption for either medical or religious reasons. Failure to get vaccinated or to get an exemption would result in termination.

Up until December 12, 2021, each Plaintiff in this case was employed by King County as police officers. Each Plaintiff was terminated for not being "fully vaccinated" by the deadline. The dates of termination ranged from December 12, 2021, to June of 2022.

Each Plaintiff requested King County grant them a religious exemption. These were submitted in writing, except for Plaintiff Kearney, who notified his employer orally. Each Plaintiff's religious exemption request (except that of Plaintiff Kearney) was granted. Each Plaintiff requested that their employer accommodate their religious exemption that had been granted. Defendants denied each request for accommodation.

Plaintiffs filed this § 1983 suit on December 13, 2024, alleging that Defendants' actions violated: Plaintiffs' rights contained in the Free Exercise Clause of the United States Constitution, procedural due process, the Equal Protection Clause, and the Contract Clause, along with similar claims under the Washington State Constitution. In addition to claims against the County, there are claims against King County Executive Dow Constantine and other individuals associated with King County Sheriff's office. Plaintiffs also bring claims for violation of Plaintiffs' right to privacy, for discrimination under the Washington Law Against Discrimination, and for breach of contract.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

## III. DISCUSSION

### A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

### B. Analysis

Defendants argue, *inter alia*, that Plaintiffs' federal claims are barred by qualified immunity because Plaintiffs fail to show that any individual Defendant violated a clearly established right. Dkt. #20 at 20–27. Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). "[T]o overcome qualified immunity, Plaintiffs must show that [defendants] (1) violated a federal statutory or constitutional right and (2) the unlawfulness of their conduct was clearly established at the time."

*Moore v. Garnand*, 83 F.4th 743, 750 (9th Cir. 2023) (internal quotations omitted).  A court "may begin the qualified immunity analysis by considering whether there is a violation of clearly established law without determining whether a constitutional violation occurred." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010).  "To determine whether a constitutional right has been clearly established for qualified immunity purposes," the court "must survey the legal landscape and examine those cases that are most like the instant case." *Id*. at 970 (quoting *Trevino v. Gates*, 99 F.3d 911, 917 (9th Cir. 1996)).  To show that a right is "clearly established," "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011).  Additionally, the right must have been established "at the time of the alleged violation." *Moran v. State of Wash.*, 147 F.3d 839. 844 (9th Cir. 1998).  The Supreme Court has cautioned against defining "clearly established right" with excessive generality. *Plumhoff v. Rickard*, 572 U.S. 765, 778-79, 134 S. Ct. 2012, 188 L. Ed. 2d 1056 (2014).

Thus, the question here is whether the individual Defendants' alleged misconduct violated a clearly established constitutional right that a reasonable person in their position would have known about.  Plaintiffs point to no case law indicating that Defendants' actions violated a clearly established right.  This failure is fatal to their federal claims because a "plaintiff must . . . identify precedent that holds certain conduct is a constitutional violation under facts not distinguishable in a fair way from the facts presented in the case at hand." *Orn v. City of Tacoma*, 949 F.3d 1167, 1178 (9th Cir. 2020) (cleaned up).

Moreover, district courts have consistently found that officials are entitled to qualified immunity in challenges to public health orders and vaccine mandates passed during the midst of the global COVID-19 pandemic.  *See, e.g., Strandquist v. Wash. State Dep't of Soc. & Health*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

*Servs.*, 3:23-CV-05071-TMC, 2024 WL 4645146, at *7 (W.D. Wash. Oct. 31, 2024); *Sinclair v. Blewett*, No. 2:20-CV-1397-CL, 2024 U.S. Dist. LEXIS 643, 2024 WL 21434, at *4 (D. Or. Jan. 2, 2024); *Northland Baptist Church of St. Paul, Minnesota v. Walz*, 530 F. Supp. 3d 790, 806-807 (D. Minn. 2021), *aff'd sub nom. Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365 (8th Cir. 2022); *New Mexico Elks Ass'n v. Grisham*, 595 F. Supp. 3d 1018, 1027 (D.N.M. 2022); *Benner v. Wolf*, 2021 U.S. Dist. LEXIS 170722, 2021 WL 4123973, at *5 (M.D. Pa. Sept. 9, 2021). Ninth Circuit precedent affirms the reasoning of these decisions. *See Bacon v. Woodward*, 2024 U.S. App. LEXIS 14759, 2024 WL 3041850, at *1 (9th Cir. June 18, 2024) (upholding facial validity of Proclamation against Free Exercise challenge); *Johnson v. Kotek*, No. 22-35624, 2024 U.S. App. LEXIS 4196, 2024 WL 747022, at *3 (9th Cir. Feb. 23, 2024) (qualified immunity bars substantive due process claims against Oregon governor for vaccine mandate); *Armstrong v. Newsom*, No. 21-55060, 2021 U.S. App. LEXIS 37877, 2021 WL 6101260, at *1 (9th Cir. Dec. 21, 2021) (qualified immunity bars suits against California governor for his stay-at-home executive order because the order did not violate clearly established law in March 2020). Since the filing of the instant Motion, three decisions in this District have dismissed federal constitutional claims similar to those raised here, in the same context of public employees' terminations pursuant to COVID-19 vaccination requirements. *See Hanson v. Ferguson*, No. 3:24-CV-05989-DGE, 2025 WL 1434740, at *1 (W.D. Wash. May 19, 2025); *Colombo v. Dep't of Nat. Res.*, No. 3:24-CV-05887-DGE, 2025 WL 1434903, at *1 (W.D. Wash. May 19, 2025); *Shirley v. Wash. Dep't of Fish & Wildlife*, No. 3:23-CV-05077-DGE, 2025 WL 1360872, at *1 (W.D. Wash. May 9, 2025); *see also Seagraves v. Dep't of Children Youth & Families*, 3:24-CV-05081-TMC, 2025 WL 1031306, at *4 (W.D. Wash. Apr. 7, 2025), *reconsideration denied*, 2025 WL 1180380 (Apr. 23, 2025), *appeal docketed*, No. 25-3282 (9th Cir. May 22, 2025);

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

*Strandquist*, 2024 WL 4645146, at *6, *reconsideration denied*, 2024 WL 4979859 (Dec. 4, 2024); *Taylor v. Wash. Dep't of Corr. (Taylor II)*, No. C23-6186-MLP, 2024 WL 4529236, at *3 (W.D. Wash. Oct. 18, 2024), *appeal docketed*, No. 24-7120 (9th Cir. Nov. 25, 2024); *Gray v. Wash. Dep't of Transp. (Gray I)*, No. 3:23-cv-05418-DGE, 2023 WL 6622232, at *2–6 (W.D. Wash. Oct. 11, 2023), *aff'd*, *Gray v. Wash. Dep't of Transp. (Gray II)*, No. 23-3278, 2024 WL 5001484 (9th Cir. Dec. 6, 2024).

To state a free exercise claim, Plaintiffs must allege that the government action in question "substantially burdens [the] practice of [their] religion," *Taylor v. Wash. State Dep't of Corr. (Taylor I)*, No. C23-6186-MLP, 2024 WL 2209684, at *4 (W.D. Wash. May 16, 2024) (quoting *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015)), and that the Defendants "acted with discriminatory purpose," *Iqbal*, 556 U.S. at 676 (citing, *inter alia*, *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 540–41 (1993)). Defendants first argue that Plaintiffs fail to allege their religious practices in any detail, relying instead on vague "labels and conclusions." Dkt. #20 at 21. Defendants argue that Plaintiffs fail to plead plausible facts of religious animus. *Id.* at 22. In any event, Defendants argue that qualified immunity bars this claim consistent with the long list of analogous cases finding as much above. The Court agrees.

Defendants next assert that "Plaintiffs' procedural due process claim fails because Plaintiffs do not identify any process they were entitled to but denied." Dkt. #20 at 23. Plaintiffs do not identify clearly established law requiring a pre-deprivation hearing, like a Loudermill hearing, for employees that are separated due to a generally applicable requirement, like a vaccine mandate. Indeed, Ninth Circuit precedent cuts the opposite way. In *Bacon*, *supra*, the court explained that "[t]he notice provided in the Proclamation was . . . sufficient" to satisfy procedural due process challenges to "the substantive rules applied" while implementing the Proclamation,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

including objections to "what [plaintiffs] considered to be an overly stringent, 'sham' approach to accommodations." 2024 U.S. App. LEXIS 14759, 2024 WL 3041850, at *2 (citing *Rea v. Matteucci*, 121 F.3d 483, 484-85 (9th Cir. 1997)). As this Court and other courts have repeatedly recognized, "when a policy is generally applicable, employees are not 'entitled to process above and beyond the notice provided by the enactment and publication' of the policy itself." *Bacon*, 2021 U.S. Dist. LEXIS 215778, 2021 WL 5183059, *3, *see also Strandquist v. Wash. State Dep't of Soc. & Health Servs.*, No. 3:23-CV-05071-TMC, 2024 U.S. Dist. LEXIS 198383, 2024 WL 4645146, *6 (W.D. Wash. Oct. 31, 2024); *Shirley v. Wash. Dep't of Fish and Wildlife*, No. 3:23-CV-05077-DGE, 2025 U.S. Dist. LEXIS 89105, 2025 WL 1360872, *5 (W.D. Wash. May 9, 2025); *Harris v. Univ. of Massachusetts, Lowell*, 557 F. Supp. 3d 304, 312 (D. Mass. 2021); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1178 (D.N.M. 2021) *aff'd*, No. 21-2105, 2022 U.S. App. LEXIS 16330, 2022 WL 2129071 (10th Cir. June 14, 2022). The Court therefore finds the individual Defendants are entitled to qualified immunity as to Plaintiffs' Procedural Due Process claim and will dismiss this claim with prejudice.

A plaintiff asserting an equal protection claim under § 1983 "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Defendants argue that Plaintiffs fail to plead "specific, nonconclusory factual allegations" establishing any such "improper motive" by any individual Defendant. Dkt. #20 at 25. Defendants next state:

> Second, accepting Plaintiffs' allegations as true that "Defendants treated Plaintiffs differently and less favorably than similarly situated providers who were not subject to the Vaccine Mandate for a secular reason," Compl. ¶ 377—in other words, those who were granted a medical exemption—Plaintiffs have failed to plausibly allege that those two groups are "similarly situated" as required to

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

> state an equal protection claim. Indeed, numerous courts, in both the free exercise and equal protection contexts, have held they are not. For example, unlike religious exemptions, "medical exemptions are likely to be 'limited in duration'" (as in the case of temporary illness) and such exemptions "serve[] the primary interest for imposing the mandate"—protecting "health and safety." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1178 (9th Cir. 2021) (free exercise) (citations omitted); *see also Mills*, 16 F.4th at 30–32, 35 (same); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 286 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021); *Royce*, 2025 WL 834769, at *8 (collecting cases). Plaintiffs' "threadbare recital that" medically and religiously exempt employees are "similarly situated" "will not suffice to survive a motion to dismiss." *Olson v. California*, 104 F.4th 66, 77 (9th Cir. 2024) (cleaned up); *see* Compl. ¶ 377.

*Id*. The Court agrees with Defendants and finds that this claim is properly dismissed.

To state a claim for a violation of the Contract Clause, plaintiffs must satisfy a two-part inquiry. *Sveen v. Melin*, 584 U.S. 811, 819 (2018). Plaintiffs must show (1) the law at issue "operated as a substantial impairment of a contractual relationship," and (2) the law is not "drawn in an appropriate and reasonable way to advance a significant and legitimate public interest." *Id*. (cleaned up). Defendants argue that "[e]ven if Plaintiffs had properly pleaded an impairment of their contractual rights (they haven't), they fail to meet the second prong because 'there is no doubt that' requiring vaccination as a condition of employment 'is an appropriate and reasonable way to advance a significant and legitimate public purpose, which is curbing the spread of COVID-19.'" Dkt. #20 at 26 (citing *Wise v. Inslee*, No. 2:21-CV-0288-TOR, 2022 WL 1243662, at *6 (E.D. Wash. Apr. 27, 2022); *Apt. Ass'n of L.A. Cnty., Inc. v. City of L.A.*, 10 F.4th 905, 913 (9th Cir. 2021)). The Court again agrees with Defendants' analysis.

Given all of the above, the Court finds that the individual Defendants are entitled to qualified immunity as to Plaintiffs' federal causes of action and will dismiss these claims with prejudice.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

Defendants also argue that claims against King County should be dismissed for lack of *Monell* liability.  Local governments may not be sued under section 1983 for injuries inflicted solely by their employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  However, municipalities may be held liable under section 1983 when an official policy or custom causes a constitutional violation. *Id*. at 690–91.  A plaintiff must plausibly plead the following to proceed with a *Monell* claim: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (cleaned up).  A section 1983 *Monell* claim based on public policy can be stated in one of three ways: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failure to act amount to a local government policy of "deliberate indifference" to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *Brown v. Contra Costa Cnty.*, No. C 12-1923 PJH, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014).  A plaintiff must allege sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the defendant to effectively defend itself; merely alleging that a policy, custom, or practice existed is not enough. *See AE ex rel. Hernandez v. Cnty. of Tulure*, 666 F.3d 631, 636–38 (9th Cir. 2012).

As already explained above, Plaintiffs have failed to adequately allege a constitutional injury or other deprivation of rights.  Because such injury or deprivation is a predicate of a *Monell* claim, Plaintiffs' claims against the County fail for this reason alone.  Even if Plaintiffs had alleged a constitutional injury, their claims against King County would fail because they have

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 9

not alleged any policy, custom, or practice for *Monell* purposes.  Defendants, citing to a case out of California, argue that "in 2020 and 2021, the COVID-19 pandemic was novel and quickly evolving," and thus "any unwritten policy concerning COVID-19 protocols could not have been 'so permanent' or 'well settled' that it amounted to an established custom."  Dkt. #20 at 29 (citing *Morris v. City of L.A.*, No. 2:22-cv-09277-ODW, 2024 WL 4370817, at *3 (C.D. Cal. Oct. 1, 2024)).  The Court generally agrees with this, and with Defendants' arguments about a lack of non-conclusory allegations to support a theory of ratification or omissions amounting to a policy of deliberate indifference.  *See id*. at 29–30.  These are further reasons to dismiss the federal claims against the County.

Having dismissed all claims over which the Court has original jurisdiction, the Court declines to exercise jurisdiction over Plaintiffs' supplemental state law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'").  The Court will dismiss the state law claims without prejudice.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Dismissal here is a legal conclusion based on case law and certain facts not in dispute.  Plaintiffs fail to point to other facts consistent with the challenged pleading that could cure the above deficiencies.  Given all of this, the Court will not grant leave to amend.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 10

## IV.  CONCLUSION

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss, Dkt. #20, is GRANTED in part.  Plaintiffs' federal law claims are DISMISSED with prejudice.

2) The Court declines to exercise jurisdiction over Plaintiffs' supplemental state law claims and DISMISSES these claims without prejudice.

3) This case is CLOSED.

DATED this 7th day of January, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE